**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|   |   |
|---|---|
| JIAN WANG,<br><br>              Petitioner,<br><br>   v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>              Respondent. | No.   17-73302<br><br>Agency No. A206-345-023<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018**

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Jian Wang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT").  We have jurisdiction under 8

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Wang's testimony and documentary evidence as to the date his father died and the number of times he was interrogated. *See id*. at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Wang's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In his opening brief, Wang does not challenge the agency's determination that in the absence of credible testimony, his documentary evidence did not establish eligibility for asylum. Thus, in the absence of credible testimony, in this case, Wang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2013).

In his opening brief, Wang fails to challenge the agency's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**

2